CLOSED

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERIK SANCHEZ, | : | |
| | : | Civil Action No. 07-3790 (SRC) |
| Petitioner, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**CHESLER**, District Judge

     *Pro se* Petitioner Erik Sanchez ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution Beaumont Medium in Beaumont, Texas, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  The Respondent, the United States of America ("the Government"), filed its Answer, as ordered by the Court.  The Court has reviewed and considered the submissions, and for the following reasons, denies Petitioner's motion and dismisses the petition.  Moreover, for the reasons expressed below, the Court rules that a certificate of appealability will not issue.

**I.**     **BACKGROUND**

     On October 5, 2005, Petitioner pled guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a)(b)(2).  On August 3, 2006, the Court sentenced him to a prison term of 46 months, followed by two years of supervised release.  The judgment was entered on the docket on the same day.  Petitioner did not file an appeal of his

judgment.

On August 10, 2007, Petitioner filed this § 2255 petition, to vacate, set aside or correct his sentence [docket item #1]. First, he asserts an ineffective assistance of counsel claim, citing a failure to move for downward departure in sentencing for a "fast track" program or based on cultural assimilation and a failure to object to "double counting" of prior convictions in sentencing. Second, Petitioner makes claims relating to the Court's application of the Sentencing Guidelines, asserting that the Court failed to consider options for downward departure and that the Court engaged in "double counting" of prior convictions resulting in a sentence that exceeded in the statutory maximum. The Government filed its Answer on November 15, 2007 [docket item #7].

## II.  DISCUSSION

Sanchez is a *pro se* petitioner. A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Lerner, 404 U.S. 519, 520 (1972). Our jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed liberally and with a measure of tolerance. Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). However, even applying this generous standard, the Court finds that Petitioner's § 2255 petition must be denied.

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his sentence. Under that provision, a petition may proceed on the grounds that: (1) the imposed sentence violated the United States Constitution or laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to

collateral attack on other grounds. 28 U.S.C. § 2255. "[A] motion to vacate sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). Unless it appears conclusively from the motion, files, and records that the Petitioner is not entitled to relief, the district court must grant the Petitioner an evidentiary hearing on the matter. See id.

    A.    **Legal Standard**

The Court must review the Government's motion according to the standard set forth by Federal Rule of Civil Procedure 12(b)(6). See R. 12, R. Governing § 2225 Proceedings for the U.S. District Courts (providing that the Federal Rules of Civil Procedure apply to § 2255 proceedings). In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff, and in this case, the petitioner. Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and "undisputedly authentic documents . . . if the plaintiff's claims are based [upon those] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that it fails to state plausible grounds for plaintiff's entitlement to the relief sought, a court shall dismiss a complaint for failure to state a claim. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965-66 (2007). To survive a motion brought pursuant to Rule 12(b)(6), the complaint must contain sufficient factual allegations to

raise a right to relief above the speculative level. Bell Atlantic Corp., 127 S. Ct. at 1965.

**B.** **Analysis**

**1.** **Ineffective Assistance of Counsel**

Petitioner argues that his trial counsel's representation was ineffective, and the ineffective assistance was prejudicial. First, Petitioner argues that trial counsel erroneously advised him that "fast track" or other early disposition programs were unavailable in New Jersey. Second, Plaintiff asserts that his counsel erred in failing to move for downward departure in sentencing based on cultural assimilation. Third, Petitioner asserts that trial counsel erred in failing to object to an alleged "double counting" of prior convictions: Petitioner argues that "the sentencing court enhanced the offense level with 16 points and increased the criminal history points for the same prior offenses . . . in violation of the Double Jeopardy Clause . . . ." (Pet'r Br. 8.) This Court will address each of Petitioner's contentions in turn.

Claims of ineffective assistance of counsel are governed by the decision of the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. See also Marshall v. Hendricks, 307 F.3d 36, 84 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). Two demonstrations must be made by Petitioner in order to succeed on such a claim.

> First, the [petitioner] must show that counsel's performance was deficient, that is, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." [Strickland, 466 U.S. at 687.] In assessing counsel's performance, the reviewing court must be "highly deferential," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation and internal quotation omitted). It is "only the rare claim of ineffectiveness of

4

> counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." <u>United States v. Gray</u>, 878 F.2d 702, 711 (3d Cir. 1989). If a [petitioner] succeeds in satisfying the first component, he must then also show prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." <u>Id.</u> In the sentencing context, prejudice exists where the deficient performance affected a defendant's sentence. <u>See, e.g.</u>, <u>Glover v. United States</u>, 531 U.S. 198, 203-04 [] (2001) (holding that any increase in sentence resulting from deficient performance can constitute prejudice).

<u>United States v. Hankerson</u>, 496 F.3d 303, 310-11 (3d Cir. 2007).

This Court will first address Petitioner's contention that his attorney erroneously failed advise him of a "fast track" program. The District of New Jersey does not have a "fast track" or other early disposition program for illegal reentry cases. <u>United States v. Gavilanez</u>, 238 F.App'x 815, 817-18 (3d Cir. 2007) (implicitly recognizing that the District of New Jersey does not have a "fast track" program); <u>United States v. Vargas</u>, 477 F.3d 94, 98 n.8 (3d Cir. 2007) (same); <u>United States v. Mejia</u>, 461 F.3d 158, 161 (2d Cir. 2006) ("Thirteen of the 94 federal districts have 'early disposition' or 'fast-track' programs for illegal reentry cases: Arizona; California (Central, Southern, Eastern and Northern districts); Idaho; Nebraska; New Mexico; North Dakota; Oregon; Texas (Southern and Western districts); and the Western District of Washington."). Furthermore, a district court's refusal to adjust a sentence to compensate for the absence of a "fast track" program does not make a sentence unreasonable. <u>Vargas</u>, 477 F.3d at 99. Because no "fast track" program exists in New Jersey and courts need not adjust sentences to compensate for the absence of such a program, Petitioner cannot demonstrate that counsel's alleged failure to advise him of the existence of such a program was deficient representation

5

pursuant to the first prong of the Strickland test.  See Strickland, 466 U.S. at 687.  Furthermore, Petitioner's trial counsel moved for a downward departure based on sentencing disparities stemming from "fast track" programs, although the sentencing court denied this relief.  (Resp't Br. Ex C at 5.)  As such, Petitioner "fails to state plausible grounds [that he is] entitle[d] to the relief sought[.]"  See Bell Atlantic Corp., 127 S. Ct. at 1965-66.  Petitioner's claim of ineffective assistance of counsel based on failure to advise of a "fast track" program is therefore dismissed for failure to state a claim.

Petitioner's second ineffectiveness contention is that his counsel erred in failing to move for downward departure in sentencing based on cultural assimilation.  Downward departures for cultural assimilation are permissible in illegal reentry cases.  See United States v. Morales-Aponte, 229 F.App'x 69, 73 (3d Cir. 2007) (stating that the Third Circuit "has not addressed the propriety of a downward departure for cultural assimilation in a precedential opinion" but citing other circuits' approval of that type of downward departure); United States v. Vilcapoma, 46 F.App'x 98, 100 n.4 (3d Cir. 2002) (recognizing that downward departure for cultural assimilation is permissible).  However, downward departures are only warranted in "atypical or extraordinary case[s.]"  Id. (quoting United States v. Rodriguez-Montelongo, 263 F.3d 429, 433-34 (5th Cir. 2001)).  This Court has recognized that "[c]ultural assimilation is 'akin to the factor of 'family and community ties,'' which is generally a discouraged factor, so while 'the district court has the authority' to depart on this basis, it should do so only in 'extraordinary circumstances.'"  Carter v. United States, 2005 WL 1199046, at * 4 (D.N.J. 2005) (citing as an example, United States v. Lipman, 133 F.3d 726, 730 (9th Cir. 1998)).  In Carter, the Court did not find "extraordinary circumstances" where the petitioner immigrated to the

6

United States at age 19 and some siblings and most of his children lived in the country, but petitioner was convicted nine times for criminal possession of marijuana and was deported three times. Id. at * 1, * 5.  In the case cited by Petitioner where extraordinary circumstances were found and the court reduced a petitioner's sentence, the underlying crime leading to petitioner's deportation was reckless driving. United States v. Reyes-Campos, 293 F.Supp.2d 1252, 1259 (M.D.Ala. 2003).

In the case at hand, Petitioner had three prior state convictions for crimes that constitute aggravated felonies under federal law: theft, death by auto, aggravated assault, and receiving stolen property.  (Resp't Ex. A at 4 (Presentence Report).)  He was also deported to El Salvador twice.  (Resp't Ex. A at 4 (Presentence Report); Resp't Ex. B at 35:18-22 (Sentencing Tr.).)  He came to the United States with his family at approximately age 15, and his parents and all but two of his eleven siblings live in the United States; the remaining two siblings live in El Salvador.  (Resp't Ex. A at 11 (Presentence Report).)  Petitioner also has three children and an ex-wife in the United States.  (Resp't Ex. A at 11-12 (Presentence Report).)  These facts are of much greater similarity to those in Carter, 2005 WL 1199046, than to the situation in Reyes-Campos, 293 F.Supp.2d 1252, and do not rise to the level of stating plausible grounds that the "extraordinary circumstances" required to warrant a downward departure for cultural assimilation exist.  See Bell Atlantic Corp., 127 S. Ct. at 1965-66.  As such, Petitioner has failed to "raise a right to relief above the speculative level[,]" id. at 1965, on the claim that, had counsel raised the above facts during Petitioner's sentencing proceeding, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 694.  Petitioner's claim regarding counsel's failure to argue for a downward departure for cultural assimilation is therefore

Case 2:07-cv-03790-SRC   Document 8   Filed 01/11/08   Page 8 of 13 PageID: 150

dismissed for failure to state a claim.

Petitioner's third claim of ineffective assistance of counsel is that trial counsel erred in failing to object to the Court's enhancing both the criminal offense level and the criminal history category based on the same prior offense. Section 2L1.2 of the Sentencing Guidelines applies to the crime of unlawfully entering or remaining in the United States. United States Sentencing Commission, Guidelines Manual, § 2L1.2 (Nov. 2007). Commentary note 6 to that provision addresses "Computation of Criminal History Points[,]" and states that "[a] conviction taken into account under subsection (b)(1) [(Specific Offense Characteristic)] is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)." Id. at n.6. Although the Third Circuit has not addressed the propriety of "double counting" as alleged by Mr. Sanchez, circuit courts that have addressed it found such "double counting" permissible. See, e.g., United States v. Zapata, 1 F.3d 46, 47-48 (1st Cir. 1993) (stating that then-note 5 (now substantively note 6) to § 2L1.2 of the Sentencing Guidelines, which provided that "an offense level increase for a prior felony conviction under section 2L1.2(b) 'applies in addition to any criminal history points added for such conviction in Chapter Four, Part A (Criminal History)'" is constitutionally and statutorily permissible); United States v. Luna-Herrera, 149 F.3d 1054, 1055-56 (9th Cir. 1998) (same); United States v. Torres-Echavarria, 129 F.3d 692, 699-700 (2d Cir. 1997) (same); United States v. Crawford, 18 F.3d 1173, 1179-80 (4th Cir.1994) (same). Petitioner has not offered any reasoning as to why the Third Circuit would reject other circuits' interpretation of § 2L1.2 of the Sentencing Guidelines in relation to his September 1992 conviction for aggravated assault (Resp't's Br. Ex. A at 4 (Presentence Report)), a crime of violence under the Sentencing Guidelines. See United States

8

Sentencing Commission, Guidelines Manual, § 2L1.2 at Commentary note 1(B)(iii) (including aggravated assault as a "crime of violence").  He therefore fails to state plausible grounds that he would be able to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy[,]" Hankerson, 496 F.3d at 310-11 (quoting Strickland, 466 U.S. at 689), as required by the first prong of Strickland.  See Bell Atlantic, 127 S. Ct. at 1965-66.  Petitioner's claim regarding counsel's failure to object to the trial court's "double counting" of his prior conviction for aggravated assault is therefore dismissed for failure to state a claim.

2.      **Sentencing Guidelines**

Petitioner claims that the Court erred in sentencing by failing to consider options for downward departure and that the Court engaged in "double counting" of prior convictions resulting in a sentence that exceeded in the statutory maximum.  The Government argues that Petitioner waived these arguments by failing to raise them on direct appeal and that Petitioner also fails to demonstrate sufficient prejudice to overcome his procedural default.

"[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982); Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993).  The cause and prejudice standard articulated in Frady "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed." Essig, 10 F.3d at 979.  When an issue was not raised at trial or on direct appeal, a Petitioner seeking

collateral review must demonstrate "'some objective factor external to the defense' that impeded his or her ability to raise the issue." Salcedo v. United States, No. Civ. 04-4527 2005 WL 2654083, at * 3 (D.N.J. Oct. 13, 2005) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).  A showing of cause under the Frady standard requires more than highlighting counsel's error: "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 486 (1986).  In order to show "actual prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

Petitioner did not appeal his sentence nor anything else related to his conviction. (Pet'r Mot. at 3-4, 7, 11.)  The instant motion is also his first post-conviction proceeding, so it is the first time he is raising a challenge to the propriety of his sentencing. (See Pet'r Mot. at 7, 11.) Petitioner, therefore, must satisfy Frady's cause and prejudice standard for this motion to go forward regarding his sentencing claims.

Petitioner's total offense level was 21, and his criminal history category was V. (Resp't Br. Ex. A at 5-6, 14 (Presentence Report).)  Under the Sentencing Guidelines, this combination carries a 70 to 87 month range for imprisonment. (Resp't Br. Ex. A at 14 (Presentence Report).) Petitioner's trial counsel made an application for downward departure from the Sentencing Guidelines, which was denied by the Court. (Resp't Br. Ex. B at 14 (Sentencing Tr.).)  However, the sentencing judge reduced Petitioner's sentence by subtracting 24 months from the bottom of the sentencing range due to the conditions at Passaic County Jail, where Petitioner was confined

**CLOSED**

prior to sentencing. (Resp't Br. Ex. B at 15 (Sentencing Tr.).) Because of this, Petitioner was sentenced to 46 months imprisonment. (Id.; Pet'r Br., App'x A at 2.)

Petitioner cannot show cause excusing his procedural default as required by the first prong of the Frady standard, because his argument fails to refer to any errors outside of those allegedly committed by trial counsel. Frady, 456 U.S. 152, 167-68; see Salcedo, No. Civ. 04-4527 2005 WL 2654083, at * 3; Coleman, 501 U.S. at 753; Murray, 477 U.S. at 486. Regarding the second prong of the Frady standard, the requirement that Petitioner show "actual prejudice" resulting in "errors of constitutional dimensions[,]" Frady, 456 U.S. at 167-68, 170, this case is very similar to the situation in Salcedo, where Judge Simandle determined that "Respondent's motions for a downward departure resulted in a lower sentence than what was called for in the plea agreement. As such, Petitioner was not actually prejudiced by the alleged breach of the plea agreement." Salcedo, No. Civ. 04-4527 2005 WL 2654083, at * 5. Here, as in Salcedo, because Petitioner received a sentence below that of the bottom of the range set by the Sentencing Guidelines, he fails to demonstrate "actual prejudice" resulting in "errors of constitutional dimensions" to satisfy the second prong of the Frady standard. See Frady, 456 U.S. at 167-68, 170.

Furthermore, despite Petitioner's contention that the "[s]entencing court erred in failing to consider options for downward departures" (Pet'r Br. at 13), the sentencing transcript demonstrates that downward departures were considered by the Court and rejected (Resp't Br. Ex. B at 14 (Sentencing Tr.)). Additionally, in section II(B)(1) of this Opinion, this Court explained why the sentencing court did not commit error regarding Petitioner's claim that prior

**CLOSED**

crimes were "double counted" in computation of his sentence. Due to Petitioner's failure to demonstrate actual prejudice through the showing required by the Supreme Court in United States v. Frady and the lack of substantive error by the sentencing judge, Petitioner's motion to vacate, set aside, or correct his sentence based on the sentencing court's alleged errors is denied.

### III.     Certificate of Appealability

This Court must determine whether a certificate of appealability should issue. 3d Cir. L.A.R. 22.2 (2007). The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When claims are rejected on the merits, for a certificate to issue, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, where a district court rejects claims on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court finds, based on its review of Petitioner's § 2255 motion papers, that Petitioner has failed to make a substantial showing that his Sixth Amendment right to the effective assistance of counsel or his constitutional protection against Double Jeopardy have been denied and, further, has not shown that jurists of reason would find debatable that the petition fails to state a valid reason why his double procedural default in failing to address what he claims are

**CLOSED**

inequities in his sentence should be excused . Therefore, this Court declines to issue a certificate of appealability pursuant to § 2253(c)(2).

**IV.    CONCLUSION**

For the foregoing reasons, this Court denies Petitioner's motion for relief under 28 U.S.C. § 2255.  A certificate of appealability will not issue.  An appropriate form of order will be filed together with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: January 11, 2008

13